SALGADO, DEMANDANTE Y APELANTE, *v.* FIGUEROA, DEMANDADO Y APELADO.

No. 3360.—*Visto:* Diciembre 19, 1924. *Resuelto:* Enero 22, 1925.

ARRENDAMIENTO DE SERVICIOS—COBRO DE SERVICIOS PRESTADOS ANTES DE MODIFICARSE EL CONTRATO—ALEGACIONES—DEMANDA SUFICIENTE.—Alega el contratista demandante que convino con el demandado en fabricarle una casa por cuyo trabajo recibiría la mitad del exceso que resultare hasta $6,000 si la construía con $4,500 ó $5,000, y que habiéndole exigido el demandado ciertas ampliaciones después de empezada la obra, le dijo que con tales variaciones tendría que gastar $3,000 ó $4,000 adicionales, a lo que contestó el demandado que no importaba y que le pagaría los $500 ofrecidos como mitad de los $1,000 estipulados originalmente. *Se resolvió:* que esta última alegación hace innecesaria la de que fué cumplida por el demandante la condición de fabricar la casa a un costo no mayor de $5,000, por lo que bajo tal reclamación la demanda es suficiente.

ID.—SERVICIOS PRESTADOS SIN PREVIO CONVENIO—ALEGACIÓN NECESARIA.—No alegándose convenio para el pago de servicios profesionales prestados como consecuencia de alteraciones exigidas por el dueño de la obra, era necesario alegar el valor razonable de los servicios, no siendo suficiente la estimación que de ellos hace el demandante.

ID.—MATERIALES SUPLIDOS SIN PREVIA FIJACIÓN DE SU VALOR—ALEGACIÓN NECE-

saria.—No alegándose un contrato a precio cierto por la arena suplida por el contratista demandante, era necesario alegar el valor razonable de la misma, pues el demandado no está obligado a pagar el valor que arbitrariamente fije el demandante.

Sentencia de *C. Foote,* J. (San Juan, Primer Distrito), en una acción en cobro de dinero, declarando sin lugar la demanda, con las costas. *Revocada en parte.*

*G. Cruzado Silva* y *C. Coll Cuchí,* abogados del apelante; *A. Marín Marién,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La demanda enmendada en este pleito alega separadamente dos causas de acción, siendo los hechos expuestos en la primera que el demandante es constructor de obras y como tal contrató con el demandado fabricarle una casa por cuyo trabajo recibiría la mitad del exceso que resultara hasta $6,000 si lograba construirla con $4,500 a $5,000, con cuyas condiciones comenzó la obra después de haber hecho sus cálculos y en la seguridad de que edificaría la casa con $5,000 por lo que le corresponderían $500, mitad de la diferencia entre $5,000 y $6,000, pero después de empezada la obra el demandado exigió en ella ampliaciones y modificaciones, y habiéndole llamado el demandante la atención de que con esas modificaciones tendría que gastar $3,000 a $4,000 más le contestó el demandado que no importaba y que los $500 que él le había prometido como mitad de los $1,000 estipulados originalmente le serían satisfechos, habiendo subido así el costo de la edificación a $9,000, y que el demandado se niega a satisfacerle dichos $500 y también otros $500 en que el demandante estima el valor de su trabajo por el aumento de la obra hecho fuera del contrato primitivo. En la segunda causa de acción se alega que el demandante suministró para la construcción de la casa toda la arena que fué necesaria para ella ascendente a 215 metros, que a razón de $2.50 el metro importa $537.50, cantidad que también se niega a pagarle el demandado.

Formulada excepción previa contra esa demanda por no

aducir hechos suficientes para las dos causas de acción que se ejercitan la corte la sostuvo en cuanto a los $500 que se reclaman por el trabajo realizado por el demandante para el demandado en el aumento de obra, porque no se dice que esa cantidad sea el valor real o razonable de la obra realizada sino una mera estimación que hace el demandante; y también en cuanto a la reclamación por la arena porque no alegándose que hubiera contrato o convenio alguno para su compra no expone que los $537.50 que por ella se reclaman sean el valor real y que efectivamente tenía o que fuese su valor razonable. En vista de esa resolución el demandante pidió a la corte que dictase sentencia la que fué registrada declarando sin lugar la demanda con las costas, contra la cual interpuso este recurso de apelación.

Aunque la demanda sólo contiene dos causas de acción separadas son tres las reclamaciones que en ella se hacen, a saber: $500 por la construcción de la casa según un contrato entre las partes: otros $500 por valor del trabajo hecho fuera de ese contrato; y $537.50 por la arena que el demandante suministró para la fabricación de la casa; y dados los términos de la resolución de la corte inferior que originó la sentencia apelada entendemos que sólo en cuanto a las dos últimas reclamaciones fué declarada insuficiente la demanda. A pesar de esto alega el apelado que tampoco la primera reclamación de $500 aduce hechos suficiente porque estando la obligación de pagar sujeta a la condición de que la casa fuera construída por una cantidad que no excediera de $5,000, debió alegarse que fué cumplida esa condición. Tendría razón el apelado en esta alegación si la demanda no hubiese alegado que al llamar la atención el demandante al demandado de que las ampliaciones y modificaciones que exigía aumentaba el costo de la obra le contestó que no importaba y que los $500 que le había prometido como mitad de los $1,000 estipulados en el contrato original le serían satisfechos, por lo que en vista de la aceptación alegada la demanda es suficiente en cuanto a esos $500.

Con respecto a los otros $500 reclamados por el trabajo del demandante en el aumento de obra por las ampliaciones y modificaciones requeridas por el demandado después del contrato de construcción y de haber sido comenzada la obra la demanda es insuficiente, pues no alegándose que hubiese convenio alguno para el pago de ese aumento de trabajo debió alegarse que la cantidad reclamada es el valor razonable de él, ya que el artículo 1486 del Código Civil dispone que a falta de convenio en el arrendamiento de servicios profesionales la parte con derecho a remuneración podrá reclamar y obtener el importe razonable de sus servicios; y ese importe razonable es el que se justifique mediante pruebas y no la estimación y apreciación personal del que arrienda sus servicios.

Tampoco las alegaciones en la segunda causa de acción son suficientes, pues no alegándose un contrato para la entrega de la arena por precio determinado debió alegar la demanda que los $2.50 que se reclaman por cada metro de arena es el valor razonable de ella, pues el demandado no está obligado a pagar la cantidad que arbitrariamente se fije como valor de la arena.

En vista de las conclusiones a que llegamos, conformes con las de la corte inferior, y de que el demandante en vez de enmendar su demanda prefirió que se dictase sentencia contra él, podríamos declarar sin lugar la demanda en cuanto a la segunda y tercera reclamación, pero no lo haremos en bien de la justicia porque debiendo devolverse el caso por ser suficiente la demanda en cuanto a la primera reclamación preferimos que el demandante pueda enmendar su demanda en cuanto a esas dos reclamaciones.

Por lo expuesto la *sentencia apelada debe ser revocada* en cuanto declara *sin lugar toda la demanda y confirmarse* en cuanto a las segunda y tercera reclamaciones que en ella se hacen pero devolviendo el caso para ulteriores procedimientos no inconsistentes con esta opinión.